UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> -v.- <br><br> ATIF HUSSAIN GILLANI, <br><br> Defendant. | Criminal No. 20-cr-252 <br><br> VIOLATION: <br> 18 U.S.C. §371 (Conspiracy) <br><br> Criminal Forfeiture: <br> 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. §2461(c), and 21 U.S.C.§ 853(p) |

### STATEMENT OF OFFENSE

1. During the period relevant to the conspiracy, the U.S. Agency for International Development ("USAID"), headquartered in Washington, D.C., was the lead United States government agency that worked to end extreme global poverty and enable resilient democratic societies to realize their potential. USAID fulfilled its mission, in part, by sponsoring and funding development programs around the world.

2. Prime Contractor was an international professional services firm headquartered in Washington, D.C. From 2010 to 2015, Prime Contractor implemented a USAID-funded power distribution program (PDP) in Pakistan obligated at more than $200 million under contract AID-EPP-I-00-03-00006 and related task orders and modifications. For its contract in connection with the PDP, Prime Contractor was an organization that received more than $10,000 in federal benefits, as that term is defined by 18 U.S.C. § 666(b) during calendar year 2015.

3. PDP was a component of U.S. government assistance to the government of Pakistan to support its energy sector. Launched in September 2010, the five-year program was designed to facilitate improvements in Pakistan's government-owned electric power distribution companies

through interventions and projects addressing governance issues, technical and non-technical losses, and low revenue collection. The main goal of the PDP was to improve the commercial performance of the participating distribution companies through technology upgrades and improvements in processes, procedures, and practices, as well as training and capacity building. Under the PDP contract, Prime Contractor subcontracted through purchase orders with vendors in Pakistan for certain goods and services.

4. In 2015, Stephen Sutton, a citizen of the United Kingdom who resided in Pakistan, was employed by Prime Contractor as a Logistics Operations Manager for Prime Contractor.

5. In 2015, Atif Hussain Gillani, a citizen of Pakistan, was a Logistics Manager who reported to Sutton. In this capacity, Gillani was an "agent" of Prime Contractor as that term is defined in 18 U.S.C. § 666(d)(1).

6. Between approximately May 2015 and approximately November 2015, Sutton and Gillani agreed to participate in a conspiracy involving Prime Contractor, a USAID contractor of which they were employees and agents. As part of this conspiracy, Sutton and Gillani obtained funds in Prime Contractor's care, custody, and control by fraud.

7. The goal of the conspiracy was for the defendants and other conspirators to enrich themselves and to defraud USAID and Prime Contractor by fraudulently obtaining purchase orders under the PDP, billing for services under the purchase orders, receiving payments under the purchase orders, and distributing the proceeds.

8. It was a part of the conspiracy that the defendants would create and use fake companies, Subcontractor AS and Subcontractor SA, to bid on and to obtain purchase orders, and to receive payments for logistics services under the PDP, including forklift, crane, and container

services.

9. It was further a part of the conspiracy that the defendants would submit and cause to be submitted false and fraudulent bid documents on behalf of Subcontractor AS and Subcontractor SA to obtain purchase orders for logistics services under the PDP.

10. It was further a part of the conspiracy that the defendants would submit and cause to be submitted false and fraudulent documents on behalf of Subcontractor AS and Subcontractor SA requesting payments under the purchase orders.

11. It was further a part of the conspiracy that the defendants would use their positions and connections with Prime Contractor to authorize payments to Subcontractor AS and Subcontractor SA under the purchase orders.

12. It was further a part of the conspiracy that the defendants would use bank accounts in the names of other conspirators or the fake companies to receive payments from Prime Contractor under the purchase orders.

13. It was further a part of the conspiracy that the defendants would distribute and cause to be distributed the proceeds from the conspiracy to themselves and others through bank transfers and cash withdrawals.

14. In furtherance of the conspiracy, Gillani took overt acts including the following:

    a. On or about the dates listed below, in Pakistan, Gillani prepared and submitted documents requesting payment for invoices submitted by Subcontractor AS and Subcontractor SA under PDP purchase orders 4013-AGS-340A, 4013-AGS-340B, and 4013-ASMC-381, as listed below:

3

| Date | PO | Sub-contractor | Gross Amount PKR (Pakistan Rupees) | Net Amount PKR (Pakistan Rupees) | Approximate Amount USD (U.S. Dollars) |
|---|---|---|---|---|---|
| 6/1/15 | 340B | AS | 854,334 | 837,247 | $8,216 |
| 6/1/15 | 340A | SA | 589,086 | 577,304 | $5,665 |
| 7/1/15 | 340B | AS | 2,278,224 | 2,232,660 | $21,948 |
| 7/1/15 | 340A | SA | 1,570,896 | 1,539,478 | $15,119 |
| 7/31/15 | 340B | AS | 2,183,298 | 2,139,632 | $21,001 |
| 8/4/15 | 340A | SA | 1,439,988 | 1,411,188 | $13,860 |
| 8/18/15 | 381 | AS | 785,000 | 769,300 | $7,546 |
| 8/25/15 | 381 | AS | 785,000 | 675,700 | $6,489 |

  b. On or about the dates listed below, in Pakistan and elsewhere, Gillani received, through bank accounts in the names of Subcontractor SA and the supposed owner of Subcontractor AS, the payments listed below under PDP purchase orders 4013-AGS-340A, 4013-AGS-340B, and 4013-ASMC-381:

| Date | PO | Sub-contractor | Amount PKR | Approximate Amount USD |
|---|---|---|---|---|
| 6/4/15 | 340B | AS | 837,247 | $8,216 |
| 6/4/15 | 340A | SA | 577,304 | $5,665 |
| 7/7/15 | 340B | AS | 2,232,660 | $21,948 |
| 7/7/15 | 340A | SA | 1,539,478 | $15,119 |
| 8/10/15 | 340B | AS | 2,139,632 | $21,001 |
| 8/10/15 | 340A | SA | 1,411,188 | $13,860 |
| 8/20/15 | 381 | AS | 769,300 | $7,546 |
| 9/9/15 | 381 | AS | 675,700 | $6,489 |
| 9/14/15 | 340B | AS | 2,976,879 | $28,514 |
| 9/14/15 | 340A | SA | 2,116,782 | $20,256 |
| 10/27/15 | 340B | AS | 1,960,000 | $18,617 |
| 10/30/15 | 340A | SA | 1,967,111 | $18,636 |
| 11/11/15 | 381 | AS | 306,000 | $2,899 |
| 11/24/15 | 340B | AS | 558,165 | $5,298 |

  c. On or about the dates listed below, in Pakistan and elsewhere, Gillani transferred from his bank account ending in 4401 to Sutton, using Sutton's

4

wife's bank account ending in 3601, proceeds from the conspiracy including the amounts listed below:

| Date | Amount PKR | Approximate Amount USD |
|---|---|---|
| 6/16/15 | 80,000 | $786 |
| 7/13/15 | 500,000 | $4,917 |
| 7/15/15 | 58,000 | $570 |
| 8/20/15 | 400,000 | $3,924 |
| 8/21/15 | 310,000 | $3,040 |
| 9/19/15 | 450,000 | $4,312 |
| 9/21/15 | 250,000 | $2,395 |
| 11/16/15 | 195,000 | $1,850 |

15. Gillani obtained by fraud, as a result of the conspiracy, over $5,000, as defined under 18 U.S.C. § 666(a)(1)(A)(i). Gillani acted knowingly, and with the intent to obtain funds in Prime Contractor's care, custody, and control, as defined under 18 U.S.C. § 666(a)(1)(A)(ii).

Emily A. Miller
Assistant United States Attorney

U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20530

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged.

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 09/23/25

ATIF HUSSAIN GILLANI
Defendant

I have discussed this Statement of Offense with my client, Atif Hussain Gillani. I concur with his decision to stipulate to this Statement of Offense.

Date: 9/23/25

Isra Bhatty
Attorney for the Defendant